IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| THOMAS BOWMAN, ) | |
| ) | |
| Petitioner, ) | |
| ) | CIVIL ACTION NO. |
| v. ) | 2:19-CV-581-MHT-SMD |
| ) | [WO] |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

### I.   INTRODUCTION

Thomas Bowman ("Bowman"), a federal inmate at the Maxwell Federal Prison Camp, filed this *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241 on August 8, 2019.[1] Doc. 2. Bowman challenges the validity of his 2018 convictions and sentence imposed by the United States District Court for the Northern District of Georgia for making a false writing or document and making a false statement on a bank loan application, in violation of 18 U.S.C. §§ 1001, 1014. Bowman claims that the trial court lacked "legislative authority" over his criminal case because his offenses were not committed against the United States. Doc. 2 at 3. In support of this claim, Bowman alleges that the trial court lacked jurisdiction because his "charged offenses were connected with private business

---

[1] Bowman's petition was date-stamped received by this court on August 9, 2019. Bowman represents that he submitted the petition on August 8, 2019. Applying the prison mailbox rule, and no evidence to the contrary, the court deems the petition to be filed on August 8, 2019. *See Houston v. Lack*, 487 U.S. 266, 271–72 (1988); *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

partners" and were not committed against the United States, which he alleges is a requisite element of a federal court's jurisdiction. Doc. 2 at 4. Bowman argues that his incarceration is therefore unlawful because it is based on an unconstitutional judgment entered against him. Doc. 2 at 3. For the reasons that follow, the undersigned concludes that this action should be transferred to the United States District Court for the Northern District of Georgia.

## II.   DISCUSSION

Bowman's self-described § 2241 petition challenges the legality of his convictions and sentence. Generally, a federal prisoner must bring any collateral attack on the legality of his conviction or sentence through a motion to vacate under § 2255 rather than a petition for writ of habeas corpus under § 2241. *See McCarthan v. Dir. of Goodwill Indus.-Suncoast, Inc.*, 851 F.3d 1076, 1081 (11th Cir. 2017); *Venta v. Warden, FCC Coleman-Low*, 2017 WL 4280936, at *1 (11th Cir. 2017). A petitioner challenging the legality of his federal detention may do so under § 2241 *only* if he shows that § 2255 would be an "inadequate or ineffective to test the legality of his detention." *See* 28 U.S.C. § 2255(e) (the so called "saving clause"); *see also Johnson v. Warden*, 737 F. App'x 989, 990–91 (11th Cir. 2018). Bowman does not attempt to show that § 2255 would be an inadequate vehicle to present his claims. Indeed he cannot, because his claims challenging the validity of his conviction and sentence fall squarely within the realm of injuries § 2255 addresses.

When a federal prisoner brings "a traditional claim attacking his [conviction or] sentence that he could have brought in a [§ 2255] motion to vacate, the remedy by [such] motion is adequate and effective to test the legality of his detention. . . . Allowing a prisoner

with a claim that is cognizable in a [§ 2255] motion to vacate to access [§ 2241] nullifies the procedural hurdles of section 2255 and undermines the venue provisions." *McCarthan*, 851 F.3d at 1090. Here, regardless of the label Bowman places on his pleadings, his petition challenging his convictions and sentence must be considered as a motion under § 2255, rather than § 2241. Section 2255 remains Bowman's exclusive remedy to bring his challenge to his convictions and sentence.[2] Because he challenges a judgment entered in the Northern District of Georgia, jurisdiction to consider the § 2255 motion lies only in the Northern District of Georgia as the district of conviction. *See* 28 U.S.C. § 2255(a).

Under 28 U.S.C. § 1631, a court that finds it lacks jurisdiction to entertain a civil action may, if it is in the interest of justice, transfer such action to any other court in which the action could have been brought when it was filed. Because Bowman is proceeding *pro se*, in the interest of justice this action should be transferred to the United States District Court for the Northern District of Georgia.

### III.   CONCLUSION

---

[2] In an order entered on August 16, 2019 (Doc. 3), this court informed Bowman that the claims in his self-styled habeas petition were properly presented in a 28 U.S.C. § 2255 motion. In accordance with *Castro v. United States*, 540 U.S. 375 (2003), the court notified Bowman of its intention to treat his petition as a § 2255 motion, which would be subject to any procedural limitations for § 2255 motions, and directed him to advise the court whether he wished to proceed on his claims under § 2255, to amend his construed § 2255 motion to assert additional claims under § 2255, or to withdraw his construed § 2255 motion. The court also advised Bowman that his construed § 2255 motion was due to be transferred to the United States District Court for the Northern District of Georgia since he was challenging a conviction and sentence entered by that court. This court's "Castro Order" also advised Bowman that if he failed to file a response in compliance with the order's directives, the case would proceed as an action under 28 U.S.C. § 2255, with the court considering only those claims in the construed § 2255 motion. Bowman failed to file a response complying with the Castro Order's directives.

Accordingly it is the RECOMMENDATION of the Magistrate Judge that this case be TRANSFERRED to the United States District Court for the Northern District of Georgia under 28 U.S.C. § 1631.

It is further

ORDERED that the parties shall file any objections to this Recommendation **on or before November 7, 2019**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright,* 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.,* 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 24th day of October, 2019.

                                                    /s/ Stephen M. Doyle
                                                STEPHEN M. DOYLE
                                                UNITED STATES MAGISTRATE JUDGE